| | |
|---|---|
| LUXOTTICA GROUP, S.P.A., AN ITALIAN CORPORATION, *PLAINTIFF*, V. A & A PETROLEUM, L.L.C. AND AHSAN RASHID, INDIVIDUALLY, *DEFENDANTS.* | CASE NO. _____ JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Luxottica Group, S.p.A. ("Luxottica") files this Original Complaint against Defendants A & A PETROLEUM, L.L.C. and Ahsan Rashid, individually (collectively, "Defendants"), for trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114, unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and dilution under 15 U.S.C. § 1125(c).

Plaintiff seeks: (1) actual, treble, and exemplary damages from Defendants as well as an accounting of profits; (2) alternatively, up to $2 million per counterfeit mark due to Defendants' willful counterfeiting; (3) an order that the infringing and counterfeit goods be surrendered for destruction; and (4) a permanent injunction.

## I. SUMMARY OF ACTION

1. This is an action for trademark infringement/counterfeiting under

federal law. On information and belief, Defendant Ahsan Rashid is the owner, governing member, and registered agent of Defendant A & A PETROLEUM, L.L.C., which owns and operates a travel stop/retail store located at 4020 S. Lake Dr. in Texarkana, Texas, 75501, that appears to be operating under the name Texarkana Travel Stop.

2.    Through this travel stop/retail store, Defendants knowingly and willfully advertise, display, offer for sale, and sell counterfeit products bearing the Ray-Ban® Trademarks, resulting in substantial and continuous harm to the rights of intellectual property owner Luxottica.

## II.    PARTIES

3.    Plaintiff Luxottica is an Italian corporation with its principal place of business in Milan, Italy.

4.    On information and belief, Defendant A & A PETROLEUM, L.L.C. is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5911 Richmond Rd., Apt. 4207, Texarkana, Texas, 75503-1202. Defendant is conducting business within the State of Texas and may be served with process via its registered agent, Ahsan Rashid, at 5911 Richmond Rd., Apt. 4207, Texarkana, Texas, 75503-1202.

5.    On information and belief, Defendant Ahsan Rashid is an owner, governing member, and registered agent of Defendant A & A PETROLEUM, L.L.C.

On information and belief, and according to publicly filed documents in the State of Texas, Defendant Rashid is an individual who resides at 509 Lake Village Dr., McKinney, Texas, 75071-6417.

6. On information and belief, Defendants are directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

### III. JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over the Lanham Act claims in this action under 28 U.S.C. §§ 1331 and 1338. The Court has original jurisdiction over Luxottica's unfair competition claims under 28 U.S.C. § 1338(b).

8. On information and belief, Defendant Ahsan Rashid is the owner and operating force behind Defendant A & A PETROLEUM, L.L.C., which owns and operates a travel stop at 4020 S. Lake Dr. in Texarkana, Texas, under the name Texarkana Travel Stop.

9. The Court has personal jurisdiction over Defendants because they are residents of the State of Texas and are doing business in Texas and in this District. On information and belief, Defendant A & A PETROLEUM, L.L.C. is a corporation organized and existing under the laws of the State of Texas with a principal place of business in this District. Also on information and belief, Defendant Ahsan Rashid is a citizen, resident, and is domiciled in the State of Texas.

10.    The Court has personal jurisdiction over Defendants because the acts that are the subject of Plaintiff's claims, including trademark infringement and counterfeiting, unfair competition, and dilution, were committed by Defendants in the State of Texas, in this District.  Defendants are doing business in this District and committing acts of infringement, unfair competition, dilution, and other wrongs in this District.

11.    Under 28 U.S.C. § 1391(b)(2), venue is proper in this District because a substantial part of the events giving rise to the claims of this action occurred in this District.

## IV.        FACTUAL ALLEGATIONS

### A.    The World-Famous Luxottica Brands and Products

12.    Luxottica is engaged in the manufacture, marketing, and sale of premium, luxury, and sports eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban®, the world's most famous sun eyewear brand, as well as Oakley®,Vogue Eyewear®, Persol®, Oliver Peoples®, Alain Mikli®, and Arnette®.

13.    Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision, and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America, and Sunglass Hut worldwide.

14.    Luxottica's Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet websites, including www.ray-ban.com, throughout the United States, including Texas.    Luxottica does not offer its merchandise for sale through individuals or unauthorized retail locations.

15.    Luxottica has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban® products.

16.    Luxottica is the owner of the following United States Federal Trademark Registrations (collectively, the "Ray-Ban® Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES - IN CLASS 26. |
| 1,080,886 | **RAY-BAN** | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPETACLES – IN CLASS 9. |
| 1,093,658 | *Ray-Ban* | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR |

| | | SUNGLASSES, EYEGLASSES, SPECTACLES – IN CLASS 9. |
|---|---|---|
| 1,726,955 | *Ray-Ban* | FOR: CLOTHS FOR CLEANING OPTHALMIC PRODUCTS - IN CLASS 21. |
| 3,522,603 | *Ray-Ban* | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES- IN CLASS 9. |
| 1,511,615 | LUXOTTICA ☆☆ | FOR: EYEGLASSES, SUNGLASSES, TEMPLES AND EYEGLASS FRAMES, IN CLASS 9 |
| 595,513 | WAYFARER | FOR: SUN GLASSES, IN CLASS 9 |

17.     Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban® Trademarks.  As a result, products bearing the Ray-Ban® Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica and have acquired strong secondary meaning.

18.     Luxottica has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban® Trademarks. These registrations are valid and subsisting, and the majority are incontestable.

19.     The registration of the Ray-Ban® Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica's exclusive right to use the marks in connection with the goods identified therein and other commercial

goods.

20.     The registration of the marks also provides constructive notice to Defendants of Luxottica's ownership and exclusive rights in the Ray-Ban® Trademarks.

21.     The Ray-Ban® Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

22.     The Ray-Ban® Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendants' Infringing Conduct**

23.     Upon information and belief, Defendant A & A PETROLEUM, L.L.C. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 5911 Richmond Rd., Texarkana, Texas, 75503-1202.

24.     Also, upon information and belief, Defendant Ahsan Rashid is the owner, governing member, and registered agent of Defendant A & A PETROLEUM, L.L.C., as well as the travel stop/retail store operated by the corporate Defendant, known as Texarkana Travel Stop. On information and belief, Defendant Rashid retains control of the corporate Defendant and its retail store and derives a financial benefit from or has a financial interest in the actions of the corporate Defendant.



Franchise Tax Details     ×

Franchise Search Results    **Public Information Report**

**Public Information Report**
**A & A PETROLEUM, L.L.C.**
Report Year: 2021

Information on this site is obtained from the most recent Public Information Report (PIR) processed by the Secretary of State (SOS). PIRs filed with annual franchise tax reports are forwarded to the SOS. After processing, the SOS sends the Comptroller an electronic copy of the information, which is displayed on this web site. The information will be updated as changes are received from the SOS.

You may order a copy of a Public Information Report from open.records@cpa.texas.gov or Comptroller of Public Accounts, Open Records Section, PO Box 13528, Austin, Texas 78711.

| Title | Name and Address |
|---|---|
| GOVERNING | **AHSAN RASHID** 5911 RICHMOND ROAD 28201 TEXARKANA, TX 75503 |

Close

25.    On May 21, 2022, Plaintiff's investigator visited Defendants' Texarkana Travel Stop located at 4020 South Lake Dr. in Texarkana, Texas, near the intersection of US-59 and TX-93. During that visit, Plaintiff's investigator observed locked display cases displaying approximately 35-40 different pairs of Ray-Ban® branded sunglasses with black fabric drawstring bags also purportedly bearing the Ray-Ban® brand.  Price stickers affixed to the lens of each pair identified the purchase price as $29.99 per pair.

 

26.    After requesting assistance from a sales associate, who unlocked the display case, the investigator selected two pairs of Ray-Ban® branded sunglasses.

**The "Aviator" Ray-Ban   branded sunglasses purchased May 21, 2022**

 

**Ray-Ban branded sunglasses purchased May 21, 2022**



27.   The sales associate completed the sale, discounting the sunglasses to $27.99 per pair since the investigator purchased multiple pairs, and placed the sunglasses into black fabric drawstring bags bearing the Ray-Ban® brand.



28. The purchased Ray-Ban® branded sunglasses purchased by Plaintiff's investigator were delivered directly to Luxottica who confirmed that the sunglasses, advertising/tags, and branded drawstring bags were all counterfeit.

29. Defendants have no license, authority, or other permission from Plaintiff to use any of the Ray-Ban® Trademarks in connection with the advertising, promotion, distribution, public display, sale, and/or offer for sale of any products, including the counterfeit items at issue.

30. The foregoing acts of Defendants constitute direct trademark infringement in violation of federal law.

31. The foregoing acts of the Defendants are intended to cause, have caused, and/or are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban® branded sunglasses products offered for sale and sold by Defendants are authentic or authorized products of Plaintiff.

32. The activities of Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban® branded products and Plaintiff.

33.    Defendants are well aware of the extraordinary fame and strength of the Ray-Ban® brands and Trademarks, and the incalculable goodwill associated therewith.

34.    Defendants' knowing and deliberate hijacking of Plaintiff's famous marks and sale of counterfeit products has caused, and continues to cause, substantial and irreparable harm to Plaintiff's goodwill and reputation.  In addition, the damages caused by Defendants are especially severe because the counterfeit products are inferior in quality to authentic Ray-Ban® products.

35.    Moreover, Plaintiff has no ability to control the quality of the goods provided by Defendants in conjunction with the Ray-Ban® Trademarks, and, therefore, is at risk of irreparable harm for which there is no remedy at law and which money damages cannot repair.

36.    By way of example, if customers of Defendants purchase inferior goods, they will likely mistakenly attribute those goods to Plaintiff due to Defendants' adoption of their marks used in connection with inferior, counterfeit product.  As established above, these actions are taken intentionally by Defendants as part of a scheme to trade on the goodwill built by Plaintiff through its investment of time, efforts, and advertising of the Ray-Ban® Trademarks.  Defendants are intentionally trading off the goodwill Plaintiff has built up in its marks over years of use and promotion.

37.     The harm being caused to Plaintiff is ongoing and irreparable and Plaintiff does not have an adequate remedy at law.  Plaintiff therefore seeks the entry of an injunction preventing the sale of counterfeit products by Defendants.  Plaintiff also seeks damages, including exemplary damages, statutory damages, and attorney's fees, as a result of Defendants' knowing, deliberate, and willful infringement of the Ray-Ban® Trademarks, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

## V.  CLAIMS ASSERTED BY PLAINTIFF

### COUNT I
### Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114

38.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     Defendants, without authorization from Plaintiff, have used and are continuing to use in commerce spurious designations that are identical to, or substantially indistinguishable from, the Ray-Ban® Trademarks.

40.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban® products offered for sale and sold by Defendants are authentic or authorized products of Plaintiff.

41.  Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit products and Plaintiff.

42.  Defendants' acts constitute trademark infringement and counterfeiting of the Ray-Ban® Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  As established by the registration of the marks, the marks are protectable and enforceable against Defendants, and Plaintiff is the owner and senior users of the marks. Moreover, Defendants' actions have caused a likelihood of confusion and damage to Plaintiff.  In particular, through infringement of the Ray-Ban® Trademarks, Defendants are harming Plaintiff and diverting sales that would otherwise go to Plaintiff.  Defendants' infringement of the Ray-Ban® Trademarks is likely to cause confusion and mistake as to the source of Defendants' goods.

43.  In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be enjoined from using the Ray-Ban® Trademarks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine products of Plaintiff.

44.  Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendants:  (i) Defendants' profits and (ii) the costs of this action.  Alternatively, Plaintiff is entitled to statutory damages of up to $2

million per counterfeit mark, per type of goods, due to Defendants' willful counterfeiting. Due to the knowing, intentional, and purposeful nature of Defendants' conduct, Plaintiff seeks treble the amount of its actual damages. Plaintiff also seeks its reasonable attorney's fees due to the exceptional nature of this case.

## <u>COUNT II</u>
### Unfair Competition Under 15 U.S.C. § 1125(a)

45. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

46. Defendants' acts committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendants' goods, and the affiliation, sponsorship, and approval of Defendants' goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

47. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be enjoined from using the Ray-Ban® Trademarks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine products of Plaintiff.

48. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendants: (i) Defendants' profits and (ii) the costs of

this action. Due to the knowing, intentional, and purposeful nature of Defendants'
conduct, Plaintiff seeks treble the amount of its damages. Plaintiff also seeks its
reasonable attorney's fees due to the exceptional nature of this case.

**COUNT III**
**Trademark Dilution Under 15 U.S.C. § 1125(c)**

49.    Plaintiff repeats and re-alleges the allegations contained in the preceding
paragraphs as if fully set forth herein.

50.    The Ray-Ban® Trademarks are strong and distinctive marks that have
been in use for many years and have achieved enormous and widespread public
recognition.

51.    The Ray-Ban® Trademarks are famous within the meaning of Section
43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52.    Defendants sold counterfeit versions of Plaintiff's products that diluted,
by blurring and tarnishing, the distinctive quality of the Ray-Ban® Trademarks and
decreased the public's capacity to identify and distinguish authentic products of
Plaintiff.

53.    Defendants' acts committed in the course of interstate commerce
constitute dilution by blurring and tarnishing in violation of Section 43(c) of the
Lanham At, 15 U.S.C. § 1125(c). Plaintiff has been damaged by Defendants'
actions. Defendants' acts have impaired the distinctiveness of the Ray-Ban®

Trademarks and, unless enjoined, will continue to harm the distinctiveness of these marks.

54. Defendants' use of the Ray-Ban® Trademarks is likely to blur the distinctiveness of the marks. Additionally, Defendants' use of the Ray-Ban® Trademarks is further likely to tarnish and therefore dilute the distinctiveness of the marks due to the similarity of the marks and the inferior quality of Defendants' products.

55. In accordance with Section 43 of the Lanham Act, 15 U.S.C. §1125(c), Defendants should be enjoined from using the Ray-Ban® Trademarks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine products of Plaintiff.

56. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendants: (i) Defendants' profits and (ii) the costs of this action. Due to the knowing, intentional, and purposeful nature of Defendants' conduct, Plaintiff seeks treble the amount of its damages. Further, Plaintiff seeks its reasonable attorney's fees due to the exceptional nature of this case.

## VI. APPLICATION FOR PERMANENT INJUNCTION

57. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

58. On information and belief, Defendants, unless enjoined, will continue to use marks that are likely to cause confusion as to the source of their products and services, use marks that incorrectly suggest that, or are likely to cause confusion as to whether, Defendants are affiliated with Plaintiff, and use marks that dilute the distinctiveness of the Ray-Ban® Trademarks. All of these acts violate the Lanham Act.

59. These actions entitle Plaintiff to a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendants, from:

(i) Representing that Defendants' goods are in any way sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff;

(ii) Using the Ray-Ban® Trademarks and/or any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine products of Plaintiff; and

(iii); Otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

60. For these actions, there is no adequate remedy at law. Plaintiff is substantially likely to prevail on the merits of these claims, and the injury to Plaintiff greatly outweighs any injury to Defendants that the requested injunction may cause.

The balance of hardships tips strongly in favor of Plaintiff. Finally, the injunction will not disserve the public interest. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants.

## VII. DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on their claims alleged against Defendants.

## VIII. REQUEST FOR RELIEF

For these reasons, Plaintiff Luxottica Group S.p.A. requests that this Court enter judgment in its favor and against Defendants A & A PETROLEUM, L.L.C. and Ahsan Rashid, jointly and severally, on all counts plead herein, and:

1. Award Plaintiff its actual, treble, and exemplary damages pursuant to 15 U.S.C. § 1117(a);

2. Alternatively, under 15 U.S.C. § 1117(a), award Plaintiff up to $2 million in statutory damages per each counterfeit mark per type of goods under 15 U.S.C. § 1117(c)(2);

3. In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendants, from the acts described in paragraph 54 of this Complaint;

4. Order Defendants to file with this Court and serve on Plaintiff, within 30 days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Plaintiff's favor and award Plaintiff the costs and expenses of this action;

6. In accordance with 15 U.S.C. § 1118, order all materials in Defendants' possession or control bearing the Ray-Ban® Trademarks be surrendered for destruction;

7. Award Plaintiff pre-judgment and post-judgment interest at the maximum allowable interest rate; and

8. Grant Plaintiff such other and further relief, at law or in equity, to which it is justly entitled.

Dated: August 17, 2022          Respectfully submitted,

/s/ Darin M. Klemchuk
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24002418
Southern District Bar No. 23662
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
Southern District Bar No. 3075904
brian.casper@klemchuk.com
Mandi M. Phillips
Texas Bar No. 24036117
Southern District Bar No. 7191256
mandi.phillips@klemchuk.com

**ATTORNEYS FOR PLAINTIFF**
**LUXOTTICA GROUP S.P.A.**